UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CLIFTON FRANKLIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Cause No. |
| | ) | |
| | ) | |
| ST. LOUIS COUNTY, MISSOURI | ) | |
| Serve at: 41 S. Central Ave. | ) | |
| Clayton, MO 63105 | ) | |
| | ) | JURY TRIAL DEMANDED |
| | ) | |
| POLICE OFFICER TIBERI, DSN 4277, | ) | |
| Serve at:  5030 Griffin Road, | ) | |
| St. Louis, MO 63128 | ) | |
| | ) | |
| POLICE OFFICER GILYON, DSN 3232, | ) | |
| Serve at:  5030 Griffin Road, | ) | |
| St. Louis, MO 63128 | ) | |
| | ) | |
| POLICE OFFICER SONDAG, DSN 3930 | ) | |
| Serve at:  5030 Griffin Road, | ) | |
| St. Louis, MO 63128 | ) | |
| | ) | |
| POLICE OFFICER SANTANA, DSN 4324, | ) | |
| Serve at:  11815 Benham Road | ) | |
| St. Louis, MO 63138 | ) | |
| | ) | |
| POLICE OFFICER SUNDERMAN, DSN 4230, | ) | |
| Serve at:  5030 Griffin Road, | ) | |
| St.Louis, MO 63128 | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

COMES NOW Plaintiff, CLIFTON FRANKLIN, by and through his counsel, and for his

cause of action against Defendants, jointly and severally, states as follows:

## PARTIES

1.      Plaintiff, CLIFTON FRANKLIN, at all times herein, was a resident of the City of

St. Louis, State of Missouri and brings this action pursuant to 42 USC § 1983 et. seq.

2.      Defendant St. Louis County, Missouri is a political and geographical subdivision

of the State of Missouri existing pursuant to Missouri law. Upon information and belief, St.

Louis County has purchased liability insurance for tort claims made against it and has thus

waived sovereign immunity pursuant to Rev. Stat. Mo. Section 537.610.

3.      Defendants TIBERI (DSN 4277), GILYON (DSN 3232), SONDAG (DSN 3930),

SANTANA (DSN 4324), and SUNDERMAN (DSN 4230) were agents, servants and employees

acting within the course and scope of employment with the St. Louis County Police Department

(SLCPD) at the time of the events described herein (collectively "Defendant Officers").

Defendant Officers complete names are not certain, but their full name and identity will be

reasonable obtainable through discovery.

4.      At all times herein, the Defendant Officers were acting under the color of the

laws, statutes, ordinances, regulations, policies, customs and usages of the State of Missouri

under the direction and control of the St. Louis County. Plaintiff sues the Defendant Officers in

both their individual and official capacities.


## JURISDICTION

5.      This cause is brought in part pursuant to 42 U.S.C. § 1983. The Court has original

jurisdiction pursuant to 28 U.S.C § 1331 and 1343.

6.      This Court has supplemental jurisdiction of Clifton Franklin's state law claims

pursuant to 28 U.S.C §1367(a), as the claims are so related to the claims arising under federal

law that they form part of the same case or controversy under Article III of the United States Constitution.

7.      This Court has jurisdiction pursuant to Title 28 U.S.C. §2201 and 2202 to declare the rights of the parties and to grant all further and necessary and proper.

8.      Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b), in that all Defendant reside in this judicial district and a substantial part of the events and omissions giving rise to this claim occurred

## ACTS COMMON TO ALL COUNTS

9.      On August 29, 2015, Plaintiff was enjoying his daughter's birthday party at St. Louis' Incredible Pizza Company ("establishment") located at 5254 Lindbergh Boulevard South, St. Louis, Missouri, 63126 with several of his family members. This establishment is within the borders of St. Louis County, Missouri.

10.      The family was eating and watching the children play, but had yet to begin opening presents.

11.      SLCPD reported that it received an anonymous call at 5254 Lindbergh Blvd., stating that a black male with dreadlocks and a black female "had been fighting outside the establishment." Four white officers responded, defendants Tiberi, Sunderman, Gilyon, and Sondag.

12.      Defendant Officers reported later than another anonymous individual told them that a black male with dreadlocks and a blue shirt had entered Incredible Pizza. The employees at the entrance could not corroborate any of these anonymous claims.

13.      Nonetheless, Defendant Tiberi continued into the establishment and found Clifton Franklin surrounded by his family, enjoying his daughter's birthday and asked him if he had been involved in a fight. Mr. Franklin categorically denied being in a fight.

14.    Defendant Tiberi would later claim that this categorical denial constituted an admission. He then "advised" Mr. Franklin to leave his daughter's birthday party and go outside. Mr. Franklin invoked his rights not to be stopped or seized and indicated by shaking his head "no" that he would prefer to remain with his family. Defendant Tiberi chose to continue the confrontation and escalate the situation without provocation when he "advised" Mr. Franklin a second time to stand up and walk outside.

15.    Mr. Franklin, despite understandable confusion and irritation at being forced from his daughter's birthday party by an armed officer of the state, rose and began walking towards the exit.

16.    Defendant Tiberi would later claim that he feared Mr. Franklin would "flee" despite showing no indication that he was moving quickly or aggressively, and he used this pretextual claim to put his hands on Mr. Franklin, which caused Mr. Franklin's family to begin vocalizing their concern for Mr. Franklin.

17.    Defendant Tiberi ignored the compliance of Mr. Franklin, and continued to escalate the situation by again placing his hands on Mr. Franklin, which again caused the family attending the party to become more agitated as there had been no fight that Mr. Franklin was a party to.

18.    Defendant Tiberi, rather than reassess his mistakes and series of poor decisions, continued to escalate the encounter by trying to force Mr. Fletcher's hands behind his back. At this point Mr. Fletcher turned to face Defendant Tiberi as he was absolutely confused why he was being arrested for being a black father attending his daughter's birthday pizza party, and wanted to know for what he was being arrested.

19.     Mr. Franklin's family surrounded him as they were similarly confused and concerned that he was being arrested for no conceivable crime. Mr Franklin continued towards the exit to clear up the misunderstanding with a conversation.

20.     Before he could reach the exit, as he was directed, however, defendants Sondag, Santana, and Sunderman entered the establishment and encircled Mr. Franklin and were visibly angry. Together and along with defendant Tiberi, these officers began striking Mr. Franklin and placed him in a choke hold until they eventually picked him up, threw him to the ground, striking his head into a wall. They then violently flipped him onto his stomach so they could kneel on his back, neck, and head area.

21.     Mr. Franklin couldn't breathe.

22.     Mr. Franklin began flailing as he gasped for breath. He was terrified for his life, but also because he thought that his daughter would watch him die on the floor of Incredible Pizza at her own birthday party. As he flailed to take life saving breath, Defendant Officers applied more pressure to his neck and head area, slamming his head down to the ground, at which time they handcuffed Mr. Franklin.

23.     Mr. Franklin continued to struggle to breath until he was flipped over, and with his hands cuffed behind his back, was shot without any announcement by defendant Gilyon with a Taser or electroshock weapon. The Defendant Officers appeared to enjoy watching Mr. Franklin have electricity forced through his body.

24.     Mr. Franklin rose with defendant Tiberi and allowed himself to be led outside, only for defendant Tiberi to slam him again into the police cruiser before sending him for medical attention.

25.     Defendant Officers at that point and at subsequent times met and conferred in order to falsify reports and ensure that there was no video evidence of their assault of Mr. Franklin. They eventually sought charges against Mr. Franklin for (1) Disturbing the Peace; (2) and (3) two counts of Interfering with a Police Officer in Performance of His Duties; and (4), (5), and (6) three counts of Assaulting a Person. All charges were later dismissed, and Mr. Franklin was never charged for the "fight" that spurred the police involvement to begin with.

26.     At no point did Defendant Officers have reasonable suspicion that a crime had been committed or that Plaintiff had committed that crime to justify seizing or stopping Plaintiff.

27.     At no point did Defendant Officers have probable cause to believe that a crime was committed or that Plaintiff had committed that crime to justify an arrest of Plaintiff.

28.     At no point did Plaintiff assault, accost, threaten or otherwise provoke Defendant Officers to use any level of force against him, including the unannounced use of the taser.

29.     As a result of the aforementioned incident, Plaintiff was seriously and permanently injured in the following respects, to-wit: that Plaintiff sustained penetrating taser wounds to his chest, injuries to his bilateral wrists from handcuffs, injuries to his neck from choke hold and being slammed to the ground, and injuries including abrasions and headaches from having his head slammed into a wall; that all of said injuries and effects are serious and permanent and the function and use of said parts and organs are impaired, diminished and made painful; that Plaintiff's ability to work, labor, earn income and enjoy life have and in the future will be impaired and limited; that Plaintiff has incurred expenses for medical care and treatment in an amount yet to be determined; and Plaintiff's injuries have and will continue to cause severe emotional distress and anxiety.

## COUNT I

### FAILURE TO TRAIN, DISCIPLINE, OR SUPERVISE
### DEFENDANT OFFICERS OF SLCPD PURSUANT TO 42 U.S.C. §1983

COMES NOW Plaintiff CLIFTON FRANKLIN, with Count I - Failure to Train, Discipline or Supervise Defendant Officers of the SLCPD Board and states the following in support thereof:

30.    Plaintiff incorporates by reference each paragraph set forth above as if set out verbatim herein.

31.    St. Louis County, Missouri is a governmental entity in Missouri, which oversees the civilian board of police commissioners that are granted full supervision of the SLCPD pursuant to the St. Louis County charter § 4.270.

32.    St. Louis County, Missouri thereby controlled all relevant activities, policies, rules, customs and training of the officers of SLCPD.

33.    The SLCPD, under the control of St. Louis County, Missouri, acted through its agents and employees Defendant Officers and other unknown members of the SLCPD.

34.    St. Louis County, Missouri, at all times herein, controlled all relevant activities, policies, rules, customs and training of the officers of SLCPD. The Board is under the

35.    There exists within the SLCPD pervasive customs, practices, and usages, which are contrary to the SLCPD's policies, guidelines, rules, and training of officers, resulting in the Plaintiff to suffer Constitutional deprivations as described above.

36.    These customs, practices and usages that exist include, but are not limited to the following:

a.    usage of a tase against a citizen without regard for the need or legality of such force;

b.      continued unlawfully arrest, detainment, or imprisonment of citizens;

c.      the unlawfully seizure of citizens;

d.      use of excessive force on citizens;

e.      failure to confront by active investigate, discipline, re-train, or otherwise sanction and/or correct behavior of officers contrary to the polices, guidelines, rules and training of the SLCPD;

f.      failure to implement new policies, guidelines, rules, and training directed at reducing excessive force practice by the SLCPD officers;

37.     The SLCPD's refusal to correct these customs, practices, and usages of SLCPD has created a pervasive culture, or a custom and practice, of misconduct whereby officers know their improper actions will not be corrected and are embraced by the SLCPD by SLCPD's hiring, retention, training, supervision, discipline and otherwise general control of the police officers employed by them

38.     By St. Louis County, Missouri's failure to act despite numerous instances of Constitutionally violative conduct by SLCPD officers, of which St. Louis County, Missouri knew or should have known, and tolerated thereafter, St. Louis County, Missouri caused the Constitutional deprivations that Plaintiff has suffered herein.

39.     By St. Louis County, Missouri's failure to act despite numerous instances of Constitutionally violative conduct by SLCPD officers, of which St. Louis County, Missouri knew or should have known, and tolerated thereafter, St. Louis County, Missouri caused the Constitutional deprivations that Plaintiff has suffered herein.

40.     In failing to train, discipline and enact effective policies related to the use of excessive force, as described above, St. Louis County, Missouri intentionally disregarded known

facts or encouraged an unofficial custom that created Constitutional violations of which they knew or should have known, and thereby ratified the misconduct and the policies, customs and practices described above, caused the Constitutional violation of the Plaintiff.

41.    In failing to train, discipline and enact effective policies related to the use of excessive force, as described above, St. Louis County, Missouri intentionally disregarded known facts or alternatively were deliberately indifferent to a risk of the Constitutional violation of which they knew or should have known, and thereby ratified the misconduct and the policies, customs and practices described above, caused the Constitutional violation of the Plaintiff.

42.    As a result of the actions of St. Louis County, Missouri, Plaintiff CLIFTON FRANKLIN sustained serious physical injuries and damages as more fully set forth above.

43.    The actions of St. Louis County, Missouri, as described herein were the direct proximate cause of Plaintiff CLIFTON FRANKLIN' injuries and damages as more fully set forth above, Plaintiff suffered bodily harm and was deprived of his right to be free from unreasonable seizure of his person, in violation of the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §1983.

44.    If Plaintiff prevails, he is entitled to an award of attorney fees pursuant to 42 U.S.C. §1988.

WHEREFORE under Count I hereof, Plaintiff CLIFTON FRANKLIN prays for judgment against Defendant Council Board, for such sum which is fair and reasonable in excess of TWENTY FIVE THOUSAND DOLLARS ($25,000.00) to compensate Plaintiff for injuries and damages suffered, together with exemplary damages, costs expended herein, attorney fees and for such further orders as the Court deems just and proper.

**COUNT II**

## UNLAWFUL STOP IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION BY DEFENDANT OFFICERS PURSUANT TO 42 U.S.C. §1983

COMES NOW Plaintiff and for Count II of his Petition directed to the Defendant Officers, Plaintiff states as follows:

45.     Plaintiff incorporates by reference each paragraph set forth above as if set out verbatim herein.

46.     Defendant Officers, under the color of law as St. Louis County police officers, acting alone and/or together did subject Plaintiff to the deprivation of his Constitutional rights as described above, when they unreasonably seized Plaintiff for a "stop" in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

47.     Defendant Officers acting alone and/or together did "stop" Plaintiff as described above, and thereby illegally arrested Plaintiff in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

48.     Upon information and belief, the officers were deliberately acting in accordance with a pattern, practice, or custom that was created, encourages, promoted, accepted, or permitted by the SLCPD jointly with St. Louis County, Missouri of pretextually stopping individuals without reasonable suspicion.

49.     As a direct and proximate result of the malicious and unlawful tasing described above, all committed under color of law and under her authority as SLCPD officers, Plaintiff suffered bodily harm and was deprived of his right to be free from unreasonable seizure of his person, in violation of the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §1983.

50.     The acts of these Defendants as described above were intentional, wanton, malicious, oppressive, reckless and callously indifferent to the rights of Plaintiff, thus entitling Plaintiff to an award of punitive damages against these Defendants.

51.     If Plaintiff prevails, he is entitled to an award of attorney fees pursuant to 42 U.S.C. §1988.

WHEREFORE under Count II hereof, Plaintiff prays for judgment against Defendant Officers for such sum which is fair and reasonable in excess of TWENTY FIVE THOUSAND DOLLARS ($25,000.00) to compensate Plaintiff for injuries and damages suffered, together with exemplary damages, costs expended herein, attorney fees and for such further orders as the Court deems just and proper.

### COUNT III

### UNLAWFUL ARREST IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION BY DEFENDANT OFFICERS PURSUANT TO 42 U.S.C. §1983

COMES NOW Plaintiff and for Count III of his Petition directed to the Defendant Officers, Plaintiff states as follows:

52.     Plaintiff incorporates by reference each paragraph set forth above as if set out verbatim herein.

53.     Defendant Officers, under the color of law as St. Louis County police officers, acting alone and/or together did subject Plaintiff to the deprivation of his Constitutional rights as described above, when they acted without probable cause and seized Plaintiff for arrest in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

54.     Defendant Officers acting alone and/or together did "stop" Plaintiff as described above, and thereby illegally arrested Plaintiff in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

55.     Upon information and belief, the officers were deliberately acting in accordance with a pattern, practice, or custom that was created, encourages, promoted, accepted, or permitted by the SLCPD jointly with St. Louis County, Missouri of pretextually arresting individuals without probable cause.

56.     As a direct and proximate result of the malicious and unlawful tasing described above, all committed under color of law and under her authority as SLCPD officers, Plaintiff suffered bodily harm and was deprived of his right to be free from unreasonable seizure of his person and from arrests without probable cause, in violation of the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §1983.

57.     The acts of these Defendants as described above were intentional, wanton, malicious, oppressive, reckless and callously indifferent to the rights of Plaintiff, thus entitling Plaintiff to an award of punitive damages against these Defendants.

58.     If Plaintiff prevails, he is entitled to an award of attorney fees pursuant to 42 U.S.C. §1988.

WHEREFORE under Count III hereof, Plaintiff prays for judgment against Defendant Officers for such sum which is fair and reasonable in excess of TWENTY FIVE THOUSAND DOLLARS ($25,000.00) to compensate Plaintiff for injuries and damages suffered, together with exemplary damages, costs expended herein, attorney fees and for such further orders as the Court deems just and proper.

## COUNT IV

### EXCESSIVE FORCE IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION BY DEFENDANT OFFICERS PURSUANT TO 42 U.S.C. §1983

COMES NOW Plaintiff and for Count IV of his Petition directed to the Defendant Officers, Plaintiff states as follows:

59.     Plaintiff incorporates by reference each paragraph set forth above as if set out verbatim herein.

60.     Defendant Officers, under the color of law as St. Louis County police officers, acting alone and/or together did subject Plaintiff to the deprivation of his Constitutional rights as described above, when they acted without probable cause and seized Plaintiff for arrest in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

61.     Defendant Officers acting alone and/or together did "stop" Plaintiff as described above, and thereby illegally arrested Plaintiff in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

62.     Upon information and belief, the officers were deliberately acting in accordance with a pattern, practice, or custom that was created, encourages, promoted, accepted, or permitted by the SLCPD jointly with St. Louis County, Missouri of using excessive force during arrests of individuals including: hitting, kicking, punching, tasing handcuffed and incapacitated individuals without verbal warnings, chokeholds, placing their body weight excessively on arrestee's head and neck area, and excessively tasing individuals.

63.     As a direct and proximate result of the malicious and unlawful tasing described above, all committed under color of law and under her authority as SLCPD officers, Plaintiff suffered bodily harm and was deprived of his right to be free from unreasonable seizure of his person and from the use of excessive force, in violation of the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §1983.

64.     The acts of these Defendants as described above were intentional, wanton, malicious, oppressive, reckless and callously indifferent to the rights of Plaintiff, thus entitling Plaintiff to an award of punitive damages against these Defendants.

65.     If Plaintiff prevails, he is entitled to an award of attorney fees pursuant to 42 U.S.C. §1988.

WHEREFORE under Count IV hereof, Plaintiff prays for judgment against Defendant Officers for such sum which is fair and reasonable in excess of TWENTY FIVE THOUSAND DOLLARS ($25,000.00) to compensate Plaintiff for injuries and damages suffered, together with exemplary damages, costs expended herein, attorney fees and for such further orders as the Court deems just and proper.

## COUNT V

## CONSPIRACY OF USE OF EXCESSIVE FORCE IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION BY DEFENDANT OFFICERS PURSUANT TO 42 U.S.C. §1983

COMES NOW Plaintiff CLIFTON FRANKLIN, and for Count V of his Petition directed against Defendant Officers, Plaintiff states as follows:

66.     Plaintiff incorporates by reference each paragraph set forth above as if set out verbatim herein.

67.     Defendant Officers reached a mutual understanding and conspired with each other to violate Plaintiff's Civil Rights. In furtherance of this conspiracy, Defendant Officers committed several overt acts including, but not limited to the following:

a.      They encircled Plaintiff, threw him to the ground; flipped him onto his stomach; pulled his hands behind his back; placed their weight into his body to put handcuffs on him; electroshocked him, and otherwise physically assaulted and battered Plaintiff;

b.      They failed to prevent or stop the physical assault and battery of Plaintiff;

      c.      They failed to warn Plaintiff prior to Plaintiff being electroshocked by a Taser;

      d.      They allowed Plaintiff to be tased when it was not reasonably necessary to do so, as Plaintiff was subdued, on the ground, in handcuffs and was already incapacitated and not physically resisting;

      e.      They intentionally created and agreed to file incident reports in which they

      i.      Falsely claimed Plaintiff admitted to being involved in a fight for the purpose of supplying themselves with a justifiable excuse for stopping Plaintiff,

      ii.      Falsely claimed they had probable cause to make an arrest for interfering with a police officer in the performance of his duties when Plaintiff did not so interfere, supplying themselves with a justifiable excuse for a pretextual arrest,

      iii.      Falsely claimed that Plaintiff resisted arrest for the purpose of supplying themselves with a justifiable excuse for the use of force which included firing an unannounced taser into Plaintiff's body,

      iv.      Falsely claimed Plaintiff assaulted officers,

      v.      Falsely minimized the excessive force used to punish Plaintiff for rightly objecting to the infringement of his Constitutional rights during a pretextual and illegal stop and arrest.

68.      As a direct and proximate result of the conspiracy between the Defendant Officers, Plaintiff was unreasonably seized in violation of his rights under the Fourth and

Fourteenth Amendments to the United States Constitution, which are protected under 42 U.S.C. § 1983.

69.     As a direct and proximate result of the conspiracy and violate attached by the Defendant Officers, Plaintiff suffered numerous serious injuries as described herein, including, but not limited to, sustained penetrating taser wounds to his chest, injuries to his bilateral wrists from handcuffs, injuries to his neck from choke hold and being slammed to the ground, and injuries including abrasions and headaches from having his head slammed into a wall; that all of said injuries and effects are serious and permanent and the function and use of said parts and organs are impaired, diminished and made painful; that Plaintiff's ability to work, labor, earn income and enjoy life have and in the future will be impaired and limited; that Plaintiff has incurred expenses for medical care and treatment in an amount yet to be determined; and Plaintiff's injuries have and will continue to cause severe emotional distress and anxiety.

70.     The conduct of the Defendant Officers was intentional, wanton, malicious, evil and oppressive, or exhibited reckless indifference to the federal protected rights of Plaintiff, entitling an award of punitive damages.

71.     To the extent Plaintiff prevails in this instant case, he is entitled an award of attorney's fees and cost pursuant to 42 U.S.C. § 1988

WHEREFORE under Count V hereof, Plaintiff respectfully asks the Court to award him compensatory damages against Defendant Officer in an amount that is fair and reasonable, for punitive damages, costs, and attorney's fees, and for such other legal or equitable relief the Court deems appropriate.

## COUNT VI
## ASSAULT UNDER STATE LAW

COMES NOW Plaintiff and for Count VI of his Petition directed to the Defendant

Officers and St. Louis County, Missouri and states as follows:

72.     Plaintiff incorporates by reference each paragraph set forth above as if set out

verbatim herein.

73.     On or about August 29, 2015, Defendant Officers acted as follows, to wit;

        a.      Intended to cause bodily harm or offensive contact to Plaintiff, or the

apprehension thereof by Plaintiff, by moving their arms, hands, feet, and equipment as if to strike

Plaintiff; and

        b.      Plaintiff apprehended bodily harm or offensive contact from the

Defendant Officers' arms, hands, feet, and equipment, as Plaintiff saw them striking him.

74.     As a direct and proximate result of the violate assault by the Defendant Officers,

Plaintiff suffered numerous serious injuries as described herein, including, but not limited to,

sustained penetrating taser wounds to his chest, injuries to his bilateral wrists from handcuffs,

injuries to his neck from choke hold and being slammed to the ground, and injuries including

abrasions and headaches from having his head slammed into a wall; that all of said injuries and

effects are serious and permanent and the function and use of said parts and organs are impaired,

diminished and made painful; that Plaintiff's ability to work, labor, earn income and enjoy life

have and in the future will be impaired and limited; that Plaintiff has incurred expenses for

medical care and treatment in an amount yet to be determined; and Plaintiff's injuries have and

will continue to cause severe emotional distress and anxiety.

75.     The conduct of the Defendant Officers was intentional, outrageous, and

demonstrated evil motive and a reckless or callous indifference to Plaintiff's rights, thus entitling

Plaintiff to punitive damages.

76.     St. Louis County, Missouri is vicariously liable for the assault, as Defendant

Officers committed such acts in order to facilitate an arrest falling within the scope of their

authority and employment as police officers in SLCPD, and such acts are fairly and naturally

incident to the business and activities of St. Louis County, Missouri and SLCPD, given the St.

Louis County's customs, practices, and patterns.

WHEREFORE under Count VI hereof, Plaintiff respectfully asks the Court to award him

compensatory damages against Defendant Officers, and St. Louis County, Missouri in an amount

that is fair and reasonable, for punitive damages, and for such other legal or equitable relief the

Court deems appropriate.

### COUNT VII
### BATTERY UNDER MISSOURI STATE LAW

COMES NOW Plaintiff and for Count VII of his Petition directed to the Defendant

Officers and St. Louis County, Missouri and states as follows:

77.     Plaintiff incorporates by reference each paragraph set forth above as if set out

verbatim herein.

78.     On or about August 29, 2015, Defendant Officers intentionally cause an offensive

and/or harmful contact with Plaintiff's person, as they used their hands, fees, and equipment to

punch, kick, push, hit, and electroshock Plaintiff in his head, face, and body.

79.     As a direct and proximate result of the violate attached by the Defendant Officers,

Plaintiff suffered numerous serious injuries as described herein, including, but not limited to,

sustained penetrating taser wounds to his chest, injuries to his bilateral wrists from handcuffs,

injuries to his neck from choke hold and being slammed to the ground, and injuries including

abrasions and headaches from having his head slammed into a wall; that all of said injuries and

effects are serious and permanent and the function and use of said parts and organs are impaired,

diminished and made painful; that Plaintiff's ability to work, labor, earn income and enjoy life have and in the future will be impaired and limited; that Plaintiff has incurred expenses for medical care and treatment in an amount yet to be determined; and Plaintiff's injuries have and will continue to cause severe emotional distress and anxiety.

80.     The conduct of the Defendant Officers was intentional, outrageous, and demonstrated evil motive and a reckless or callous indifference to Plaintiff's rights, thus entitling Plaintiff to punitive damages.

81.     St. Louis County, Missouri is vicariously liable for the battery, as Defendant Officers committed such acts in order to facilitate an arrest falling within the scope of their authority and employment as police officers in SLCPD, and such acts are fairly and naturally incident to the business and activities of St. Louis County, Missouri and SLCPD, given the St. Louis County's customs, practices, and patterns.

WHEREFORE under Count VII hereof, Plaintiff respectfully asks the Court to award him compensatory damages against Defendant Officers, and St. Louis County, Missouri in an amount that is fair and reasonable, for punitive damages, and for such other legal or equitable relief the Court deems appropriate.

## COUNT VIII
## FALSE IMPRISONMENT UNDER STATE LAW

COMES NOW Plaintiff and for Count VIII of his Petition directed to the Defendant Officers and states as follows:

82.     Plaintiff incorporates by reference each paragraph set forth above as if set out verbatim herein

83.     On or about August 29, 2015, Defendant Officers acted as follows, to wit:

   a. Defendant Officers reached a mutual understanding and conspired with each other by intentionally physically encircling, confining, and controlling Plaintiff's movements and placing their hands-on Plaintiff's body to control Plaintiff's movements in the establishment;

   b. Plaintiff was confined against his will, as Plaintiff shrugged his shoulders to separate himself from confinement from Defendant Officers control, but was rebutted by the Defendant' Officers; and

   c. Plaintiff was not under arrest at the time of this confinement.

84. As a direct and proximate result of the violate attached by the Defendant Officers, Plaintiff suffered numerous serious injuries as described herein, including, but not limited to, sustained penetrating taser wounds to his chest, injuries to his bilateral wrists from handcuffs, injuries to his neck from choke hold and being slammed to the ground, and injuries including abrasions and headaches from having his head slammed into a wall; that all of said injuries and effects are serious and permanent and the function and use of said parts and organs are impaired, diminished and made painful; that Plaintiff's ability to work, labor, earn income and enjoy life have and in the future will be impaired and limited; that Plaintiff has incurred expenses for medical care and treatment in an amount yet to be determined; and Plaintiff's injuries have and will continue to cause severe emotional distress and anxiety.  arms, hands, feet, and equipment, as Plaintiff saw them striking him.

85. The conduct of the Defendant Officers was intentional, outrageous, and demonstrated evil motive and a reckless or callous indifference to Plaintiff's rights, thus entitling Plaintiff to punitive damages.

86.     St. Louis County, Missouri is vicariously liable for the false imprisonment, as Defendant Officers committed such acts in order to facilitate an arrest falling within the scope of their authority and employment as police officers in SLCPD, and such acts are fairly and naturally incident to the business and activities of St. Louis County and SLCPD, given St. Louis County's customs, practices, and patterns.

WHEREFORE under Count VIII hereof, Plaintiff respectfully asks the Court to award him compensatory damages against Defendant Officers and St. Louis County, Missouri in an amount that is fair and reasonable, for punitive damages, and for such other legal or equitable relief the Court deems appropriate.

Respectfully Submitted,

ROGERS SEVASTIANOS & BANTE, LLP

By:    /s/      *W. David Mueller*
       WILLIAM DAVID MUELLER, #65064MO
       Attorney for Plaintiff
       120 S. Central Avenue, Suite 160
       Clayton, Missouri 63105
       (314) 354-8484/Facsimile 354-8271
       Email: DMueller@RSBLawFirm.com

       */s/ Kelly Bolan Chevalier*


       Kelly Bolan Chevalier,  #57068MO
       7711 Bonhomme, Suite 300
       St. Louis, MO  63105
       (314) 721-6757 (telephone)
       (314) 721-5225  (facsimile)
       Attorney for Plaintiff